## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 26 2016, 9:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joseph W. Eddingfield
Wabash, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bryan N. Myers,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 26, 2016<br><br>Court of Appeals Case No.<br>17A04-1510-CR-1688<br><br>Appeal from the DeKalb Superior Court<br><br>The Honorable Monte L. Brown, Judge<br><br>Trial Court Cause Nos.<br>17D02-1406-FA-16, -17 |

**Crone, Judge.**

# Case Summary

In this interlocutory appeal, Bryan N. Myers challenges the trial court's denial of his motion for discharge of his four class A felony drug dealing charges pursuant to Rule 4(C) of the Indiana Rules of Criminal Procedure. We reverse and remand for an evidentiary hearing on his motion.

# Facts and Procedural History

As best we can discern from the materials before us, the facts and procedural history are as follows. On June 4, 2014, Myers was charged in DeKalb County with a total of four class A felony drug dealing offenses in two separate two-count causes, 17D02-1406-FA-16 ("Cause 16") and 17D02-1406-FA-17 ("Cause 17").[1] On June 5, 2014, the trial court made a finding of probable cause and directed that arrest warrants be issued to the DeKalb County Sheriff. On June 6, 2014, the trial court clerk issued warrants for Myers's arrest under both cause numbers. The warrants included Myers's street address in Wabash, which is in Wabash County. That same day, the warrants were received by the Wabash County Sheriff's Department. At some point, Myers was arrested by the Wabash County Sheriff's Department and incarcerated in the Wabash County Jail.

---

[1] In both causes, the State charged Myers with class A felony dealing in methamphetamine and class A felony dealing in a controlled substance (heroin). As such, we address them together unless otherwise indicated.

On May 19, 2015, the DeKalb County prosecutor filed a motion for transport order on the basis that it had come to her attention that Myers was currently incarcerated in the Wabash County Jail. The trial court granted the motion to transport, and Myers was transported to DeKalb County for his initial hearing on June 8, 2015.

On June 26, 2015, Myers filed a motion for discharge pursuant to Criminal Rule 4(C), alleging that he had been in custody in Wabash County since June 6, 2014. On July 27, 2015, the State filed its objections to Myers's motion, claiming that (1) no evidence existed to suggest that Myers had ever been arrested on the warrants issued in either cause; (2) no return on the warrants was ever filed with the DeKalb Superior Court; (3) nothing in the chronological case summary ("CCS") indicated any return on the warrants, and they were instead listed as active warrants; and (4) the DeKalb County prosecutor became aware of Myers's incarceration in Wabash County shortly before she filed the motion for transport order on May 19, 2015. Appellant's App. at 1, 6, 31. The parties jointly requested a hearing on Myers's motion for discharge. *Id*. at 30.

On August 7, 2015, without a hearing, the trial court issued an order summarily denying Myers's motion for discharge. On August 28, 2015, Myers filed a motion to certify the trial court's order for interlocutory appeal, which the trial court granted on September 21, 2015.

On September 23, 2015, the State filed a motion to reconsider both the discharge order (for failure to hold a hearing) and the certification order. The

trial court set the State's motion for hearing on October 19, 2015. However, the CCS indicates that on October 5, 2015, when the parties appeared for a pretrial conference, the trial court also decided to hear the State's motion to reconsider. The CCS also indicates that the trial court vacated the hearing initially scheduled for October 19, 2015. At the pretrial conference/hearing, Myers submitted as Exhibit A arrest warrants from the DeKalb County Sheriff's Department indicating that the Wabash County Sheriff's Department had received them on June 6, 2014. The portion of the warrants indicating the date of service on Myers and date of return with signature are left blank.

[7] On October 19, 2015, the trial court issued an order which included brief findings that the arrest warrants were still pending and that no return of the warrants was entered in the CCS. *Id*. at 155-56. The order does not include a ruling on the State's motion to reconsider the discharge order and is silent regarding its certification order. The motions panel of this Court accepted jurisdiction of this interlocutory appeal.[2]

# Discussion and Decision

[8] Myers asserts that the trial court erred in denying his motion for discharge pursuant to Criminal Rule 4(C), which states,

---

[2] Myers's notice of appeal includes a request to the DeKalb Superior Court clerk "to transcribe certify, and file … the following hearings of record, including exhibits: Defendant's Exhibit 'A' in Cause [16], [and] Defendant's Exhibit 'A' in Cause [17]."

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

[9] Subject to the exceptions listed in Rule 4(C), the State has an affirmative duty to bring the defendant to trial within one year of being charged or arrested. *Wood v. State*, 999 N.E.2d 1054, 1060 (Ind. Ct. App. 2013), *trans. denied* (2014), *cert. denied* (2014). The defendant is neither obligated to remind the court of the State's duty nor required to take affirmative steps to ensure that he is brought to trial within the statutory time period. *Id*. When a defendant moves for discharge, he bears the burden of showing that he has not been timely brought to trial and that he is not responsible for the delay. *Id*.

[10] In reviewing a challenge to a trial court's ruling on a Rule 4(C) motion for discharge, the standard of review depends upon whether the case involves application of the law to undisputed facts or the trial court's issuance of findings

resolving disputed facts. *Austin v. State*, 997 N.E.2d 1027, 1039-40 (Ind. 2013). We review the former cases de novo and the latter cases using a clearly erroneous standard. *Id*.

[11] Unfortunately, this case does not fall neatly into either category. The parties appear to dispute the fact of whether and when the warrants were served and Myers was placed in custody. However, the record is silent on this important factual issue. In this vein, we note the following: (1) the order being appealed by Myers is the trial court's summary order denying discharge; (2) the appealed order contains no findings and was issued without an evidentiary hearing despite both parties' requests for hearing;[3] (3) when the trial court eventually conducted a hearing, it was on the State's motion to reconsider and was rolled into the pretrial conference;[4] (4) the only order including findings is the order on the State's motion to reconsider, and even at that, the findings are not comprehensive and reference the incomplete warrants; (5) the order on the State's motion to reconsider does not include an actual ruling on the motion;

---

[3] Criminal Rule 4(C) is silent concerning a defendant's right to a hearing before the trial court rules on his motion for discharge. Nevertheless, because the defendant moving for discharge bears the burden to show that he has not timely brought to trial and that he is not responsible for the delay, *Wood*, 999 N.E.2d at 1060, we believe that a hearing typically should be granted upon request before the trial court rules on the motion. Here, both parties requested a hearing.

[4] We have before us no transcript from that conference/hearing, nor should we, as it occurred after the trial court denied Myers's discharge motion. Curiously, however, exhibits from both causes were requested and included in the materials before us even though those exhibits were apparently admitted during the hearing on the State's motion to reconsider, which postdated the appealed order denying discharge.

and (6) the State did not seek an interlocutory appeal of the order implicitly denying its motion to reconsider.

[12] Simply put, the salient information included in the materials before us consists of incomplete warrants and a CCS and trial court orders that shed no light on a critical and seemingly easily ascertainable fact: the date on which Myers was actually taken into custody in Wabash County. The parties requested an evidentiary hearing on Myers's motion for discharge but did not receive any hearing until after the order was issued, when the State requested reconsideration for that very reason. We cannot conduct a full and fair review on the materials submitted. As such, we reverse the denial of defendant's motion for discharge and remand for an evidentiary hearing on Myers's motion for discharge pursuant to an order to be issued contemporaneously with this memorandum decision. We retain jurisdiction of this appeal pursuant to Indiana Appellate Rule 37(B).

[13] Reversed and remanded.

Najam, J., and Robb, J., concur.